UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MARY D. ROSE ) | |
| ) | |
| v. ) | NO. 2:05-CV-66 |
| ) | |
| JO ANNE B. BARNHARDT, ) | |
| Commissioner of Social Security ) | |

## MEMORANDUM OPINION

The plaintiff Mary D. Rose has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Rose was born in 1965 and was 37 years old at the time of her last administrative hearing. [Tr. 709]. She completed eighth grade and has relevant past work experience as a motel housekeeper. [Tr. 19, 709]. Ms. Rose alleges she is disabled as of May 27, 1999, from fibromyalgia, chronic fatigue syndrome, chronic muscle and tendon problems, depression, anxiety, and bipolar symptoms. [Tr. 19]. An Administrative Law Judge [ALJ] found that Ms. Rose was not disabled on April

26, 2000. [Tr. 42-43]. On August 12, 2002, however, the Appeals Council vacated that decision and remanded the case for further evidence from a vocational expert about the effect of Ms. Rose's limitations on her occupational base. [Tr. 50-52]. On remand, another ALJ found on November 8, 2002, that Ms. Rose was not disabled as defined by the Social Security Act. [Tr. 24]. That decision was upheld by the Appeals Council on January 7, 2005. [Tr. 8-10].

At Ms. Rose's final administrative hearing held on October 17, 2002, the testimony of Ms. Rose and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 708-20]. Ms. Rose testified her past work included being a motel housekeeper. [Tr. 709]. She believes she is unable to work now because her body aches, she does not sleep, and she is depressed. [Tr. 710]. She also experiences chronic low back pain that extends to her legs. [Tr. 710-11]. Ms. Rose drives on the rare occasion. [Tr. 712-13]. She indicated the last time she was intoxicated was a few years back. [Tr. 713-14].

Vocational expert Dr. Norman Hankins testified next that Ms. Rose's past relevant work as a motel housekeeper was classified as unskilled and medium. [Tr. 718]. The ALJ then asked him to assume a woman of Ms. Rose's height, weight, education, and work background who was restricted to medium work activity and had an emotional disorder with mild to moderate restrictions regarding her ability to

2

perform work-related activities and a borderline intellect. [*Id.*]. According to the vocational expert, such a person could work as a maid, laundry worker, food service worker, office cleaner, and janitor, *inter alia*.[1] [Tr. 718-19].

The ALJ ruled that Ms. Rose was not disabled because her severe impairments of anxiety, depression, borderline intellect, and arthralgias were not severe enough to warrant a finding of disability. [Tr. 24]. The ALJ then found Ms. Rose retained the residual functional capacity [RFC] to perform unskilled and medium work that was not precluded by mild to moderate limitations because of an emotional disorder. [Tr. 25]. With those limitations, Ms. Rose could return to her past relevant work as a motel housekeeper and/or work as a maid, laundry worker, food service worker, janitor, hand packer, off bearer, machine tender, and assembler. [Tr. 26].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to

---

[1] At this point, the transcript of the administrative hearing was inexplic-ably interrupted. [Tr. 718-19].

support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Rose requests summary judgment and challenges the ALJ's failure to find her fibromyalgia was a severe impairment. The ALJ noted that Ms. Rose's treatment for fibromyalgia was conservative and she was told that regular consistent exercise was the most important component of her treatment. [Tr. 21]. Ms. Rose attended some physical therapy, which records indicate she handled well. [*Id*.]. A consultative physician in August 1999 confirmed the diagnosis of fibromyalgia but did not assign Ms. Rose any specific lifting/carrying limitations. [Tr. 22]. By 2000, Ms. Rose was reporting a decrease in her fibromyalgia symptoms. [Tr. 21]. Another consultative examiner in November 2001 found that Ms. Rose did not have any impairment-related physical limitations. [Tr. 23]. Based on the foregoing detailing of conservative treatment and the lack of physician-found physical limitations, the ALJ's finding that Ms. Rose's fibromyalgia was not a severe impairment was made with substantial evidence.

Ms. Rose also argues the ALJ failed to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers

4

to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Rose's impairments three times in his decision. [Tr. 24, 25]. The ALJ focused her RFC on her emotional disorders, borderline intellect, and arthralgias. [Tr. 25]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Ms. Rose's emotional disorders, borderline intellect, and arthralgias. [Tr. 718-19]. Based on the Sixth Circuit framework, the ALJ considered Ms. Rose's impairments in combination.

Ms. Rose next claims the ALJ erred in finding she could return to her past relevant work as a housekeeper. In its August 12, 2002, remand order, the Appeals Council stated that, while Ms. Rose worked as a motel housekeeper from 1995 through 1998, "her earnings never rose to the level of substantial gainful activity." [Tr. 51]. Consequently, she had "no past relevant work in accordance with 20 C.F.R. [§] 416.965." [*Id.*]. On remand, the ALJ found that the "evidence in this case establishes that [Ms. Rose] has past relevant work as a housekeeper." [Tr. 26]. This finding is in direct opposition to the Appeals Council finding, and this court rejects the ALJ's assertion that Ms. Rose had past relevant work. However, the ALJ's error is harmless because he also found that Ms. Rose could work as a maid, laundry

5

worker, food service worker, janitor, hand packer, off bearer, machine tender, and assembler. [Tr. 26]. The ALJ's determination was supported by the testimony of the vocational expert. [Tr. 718-19]. As such, the ALJ's decision that Ms. Rose could work in the above-mentioned positions was made with substantial evidence and his error in asserting she had past relevant work was harmless.

Ms. Rose also contends the testimony of the vocational expert at her administrative hearing was incomplete and/or altered. Ms. Rose is correct in stating that the testimony of the vocational expert was interrupted at the administrative hearing. [Tr. 718-19]. However, the ALJ was in attendance and listening to the original testimony of the vocational expert as evidenced by the fact that the ALJ noted in his decision four other jobs the vocational expert mentioned during his testimony that were not included in the transcript (hand packer, off bearer, machine tender, and assembler.) [Tr. 26]. In addition, Ms. Rose was represented at the administrative hearing and her counsel was able to hear the testimony as well. Ms. Rose has failed to demonstrate any harm from the slight interruption in the administrative hearing transcript.

After careful consideration of the entire record of proceedings related to this case, Ms. Rose's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                                 s/Thomas Gray Hull
                                                THOMAS GRAY HULL
                                                   SENIOR U. S. DISTRICT JUDGE